In re BUCHANAN INGERSOLL, P.C., and William C. Rowland, Petitioners.

Misc. No. 823.

United States Court of Appeals,
Federal Circuit.

Oct. 4, 2006.

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

BRYSON, Circuit Judge.

### ORDER

Buchanan Ingersoll, P.C. and William C. Rowland petition for a writ of mandamus to direct the United States District Court for the Eastern District of Virginia to vacate its July 28, 2006 order affirming a magistrate judge's June 30, 2006 order that compelled Buchanan and Rowland to (1) provide certain documents for inspection, and (2) pay Balterio, N.V., Norman D. Lifton Co., Inc., and Balta U.S., Inc. (Balterio) the costs and fees incurred in filing a motion to compel. Balterio opposes. Balterio moves without opposition to substitute William J. McCabe as principal counsel, replacing Craig C. Reilly.

Alloc, Inc., Berry Finance, N.V., and Valinge Aluminum AB (Alloc) sued Balterio in the United States District Court for the Southern District of New York alleging patent infringement. As part of discovery, Balterio served subpoenas in the Eastern District of Virginia on Rowland, the attorney who prosecuted the patents, and Buchanan Ingersoll, Rowland's current law firm. The subpoenas were served on April 24, 2006 and compelled production of documents by May 15, 2006. Buchanan and Rowland did not produce the requested documents or file an objection by May 15. On June 13, 2006, Balterio commenced an ancillary proceeding in the Eastern District of Virginia and filed a motion to compel the production of the requested documents. Buchanan and

Rowland opposed, asserting that the documents were protected by the attorney-client privilege. A magistrate held a hearing and granted the motion to compel. The magistrate ruled that Fed.R.Civ.P. 45(c)(2)(B) required that any objections to a subpoena be raised within 14 days. Because Buchanan and Rowland did not timely object to the subpoenas, the magistrate held that they waived any privilege and ordered that the documents be produced. Buchanan and Rowland sought review by a district judge, and on July 28, 2006 the district judge affirmed the magistrate's order.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to [the trial court's] discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

■ Fed.R.Civ.P. 45(c)(2)(B) states:

Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection and copying of any or all of the designated materials....

The parties disagree whether the 14 day time limit contained in Rule 45(c)(2)(B) applies to objections based on claims of privilege. Buchanan and Rowland contend that it does not and thus their failure to assert the attorney-client privilege within 14 days of service of the subpoena does not constitute waiver of the privilege. Balterio argues that the 14 day limit applies to all objections to subpoenas, including those based on privilege. Thus, Balterio argues, the district court correctly determined that Buchanan and Rowland did not timely assert the privilege and was within its discretion in finding that the privilege was waived.

Because this case involves a procedural issue not unique to patent law, we apply the law of the regional circuit, in this case the Fourth Circuit. *See In re Regents of Univ. of Cal.,* 101 F.3d 1386, 1390 n. 2 (Fed.Cir.1996). Buchanan and Rowland state, and Balterio does not dispute, that the Fourth Circuit has not addressed the issue of whether the 14 day time limit of Rule 45(c)(2)(B) applies to claims of privilege. However, two other regional circuits have stated that the 14 day limit does apply to claims of privilege. *See In re DG Acquisition Corp.,* 151 F.3d 75, 81 (2d Cir.1998) ("[W]e think it is clear that Rule 45 contemplates assertion of all objections to documents within 14 days, including those based on the act of production privilege"); *Tuite v. Henry,* 98 F.3d 1411, 1416 (D.C.Cir.1996) ("In our view, a party objecting to a subpoena on the basis of privilege must both (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service, as required by Rule 45(c)(2)(B)"). Buchanan and Rowland cite various district court cases that either state that the 14 day limit does not apply to claims of privilege or that failure

to assert privilege does not require a finding of waiver if extraordinary circumstances are found. However, we note that the magistrate cited some of those cases and found that "none of these extenuating circumstances exists in this case." We determine that Buchanan and Rowland have not demonstrated clearly and indisputably that the district court erred in finding they waived the privilege by failing to timely assert it.

Buchanan and Rowland also argue that, even if they failed to assert the attorney-client privilege timely in the ancillary proceeding in the Eastern District of Virginia, the privilege was not waived because they asserted the privilege in the underlying proceeding in the Southern District of New York. The parties dispute whether the documents for which the Eastern District of Virginia found the privilege waived appear on the privilege logs in the Southern District of New York. In any event, Buchanan and Rowland cite no cases in support of their argument that assertion of privilege in one proceeding preserves privilege in a separate proceeding. We determine that they have not shown a clear and indisputable right to a writ on this basis.

With respect to the district court's award of costs and fees incurred by Balterio in filing the motion to compel, Buchanan and Rowland have failed to demonstrate that they cannot attain the relief desired by direct appeal from the final judgment in the New York action. Thus, a writ is not appropriate.

We are not convinced that Buchanan and Rowland have satisfied the difficult burden of showing that they have a clear and indisputable right to issuance of a writ of mandamus in this case.

Accordingly,

IT IS ORDERED THAT:

(1) Buchanan and Rowland's petition for a writ of mandamus is denied.

(2) Balterio's motion to substitute counsel is granted.